UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAPELLI ENTERPRISES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FANTASTIC SAMS SALONS CORPORATION, et al.,<br><br>    Defendants. | Case No.  5:16-cv-03401-EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiffs Capelli Enterprises Inc., Nameer Jalel and Aseel Issa ("Plaintiffs") commenced the instant action directly in this court on June 17, 2016, against Defendants Fantastic Sams Salons Corporation and Fantastic Sams Franchise Corporation ("Defendants"), and filed a First Amended Complaint ("FAC") on June 20, 2016, in which Plaintiffs assert only one claim against Defendants under the Declaratory Judgment Act, 28 U.S.C. §2201 et seq. Dkt. Nos. 1, 6. As is its obligation, this court has reviewed the FAC to determine whether Plaintiffs included allegations sufficient to establish federal jurisdiction and has been guided by the principles that govern such an inquiry. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists."). In short, they have not.

To begin, the court is mindful that, in contrast to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994).

Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. 28 U.S.C. §§ 1331, 1332.

For jurisdiction based on a federal question under § 1331, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Factual allegations, and not labels, are determinative of whether a cause of action actually presents a federal question. See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).

For subject matter jurisdiction to arise on the basis of diversity under § 1332, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). For jurisdictional purposes, individuals are citizens of their states of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). In contrast, "[a] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter, 265 F.3d at 857.

In addition, the court observes that it must look to the FAC's jurisdictional allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual

2
Case No.: 5:16-cv-03401-EJD
ORDER TO SHOW CAUSE

existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the grounds for the court's jurisdiction."

Here, Plaintiffs allege in the FAC that jurisdiction is invoked "under the provisions" of § 28 U.S.C. § 1332(a)(1), and go on to state that they seek collection of $140,000. FAC, at ¶ 3. But while this allegation may be sufficient to establish a qualifying amount in controversy as a matter of pleading, the additional allegations fail to establish complete diversity of citizenship. More specifically, allegations concerning the domiciles of Jalel and Issa are missing. Furthermore, Plaintiffs allege only that Defendants, both of which are corporations, are each incorporated in Delaware. FAC, at ¶ 6. The FAC is silent regarding Defendants' respective principal places of business, even though such allegations are required. See Davis, 557 F.3d at 1028.

Plaintiffs also allege that federal jurisdiction is established "under 28 U.S.C. § 2201(a) to secure declaratory relief." The Declaratory Judgment Act, however, is "procedural only" and is not an extension of the traditional bases of federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Indeed, its language permits the federal courts to adjudicate solely those "case[s] of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Consequently, in order for a claim for declaratory relief to independently support federal jurisdiction, the action must either be between parties of diverse citizenship or involve an underlying coercive claim arising under federal law. See Franchise Tax Bd., 463 U.S. at 19.

As indicated, Plaintiffs have not established diversity jurisdiction. Nor does the sole claim for declaratory relief encompass an underlying federal law, given the declarations sought in the FAC are each based on provisions of a franchise agreement to which state law contract principles apply. See Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1089 (9th Cir. 2002) ("The well-pleaded complaint rule applies to declaratory judgment cases . . . ."). For these reasons, and contrary to the allegation in the FAC, federal jurisdiction is not established under § 2201(a).

Accordingly, because Plaintiffs have not satisfied their obligation to affirmatively demonstrate federal subject matter jurisdiction, the court issues an order to show cause why this

3
Case No.: 5:16-cv-03401-EJD
ORDER TO SHOW CAUSE

1 action should not be dismissed.  If Plaintiffs do not, by **August 19, 2016**, file a written response
2 that demonstrates the basis for this court's subject matter jurisdiction in a manner consistent with
3 the discussion above, the court will dismiss this action without prejudice.  See Freeman v.
4 Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

To be clear, this order does not permit Plaintiffs leave to file an amended complaint, and the court observes that Plaintiffs have already utilized their one opportunity to amend as a matter of course under Federal Rule of Civil Procedure 15(a).  Instead, Plaintiffs must show based on the FAC why this court may exercise jurisdiction over the action.

No hearing will be held on the Order to Show Cause unless ordered by the court.  In addition, Plaintiffs are advised that the court will not take action on the application for a temporary restraining order until it is satisfied that jurisdiction exists.

**IT IS SO ORDERED.**

Dated:  August 17, 2016

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-03401-EJD
ORDER TO SHOW CAUSE

4